UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X   Case No.
CARMEN MERCADO,

                        Plaintiff,

            - against -

PLAZA MOTORS OF BROOKLYN, INC., and RICHARD
DURGIN, *Individually*,

                       Defendants.
-----------------------------------------------------------------------X

**COMPLAINT**

PLAINTIFF DEMANDS
A TRIAL BY JURY

Plaintiff CARMEN MERCADO, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to <u>Title VII of the Civil Rights Act of 1964</u>, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), and the <u>New York City Human Rights Law</u>, Administrative Code of the City of New York § 8-107(a), *et seq.*, and seeks damages to redress the injuries Plaintiff has suffered as a result of being **<u>Discriminated against on the basis of her Sex (Female), Pregnancy, and Caregiver Status.</u>**

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the plaintiff's claims brought under city law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district

in which a substantial part of the events or omissions giving rise to the claim occurred.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC dated August 5, 2016, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within 90 days of receipt of said Notice.

## PARTIES

8. At all times relevant, Plaintiff CARMEN MERCADO ("Plaintiff") was and is a resident of the State of New York and the County of Kings.

9. At all times relevant, Defendant PLAZA MOTORS OF BROOKLYN, INC. ("PLAZA MOTORS") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

10. At all times relevant, Defendant PLAZA MOTORS owns, operates, and/or maintains numerous automobile dealerships and service centers in Brooklyn, including one called "Plaza Toyota" located at 2699 Nostrand Avenue, Brooklyn, NY 11210.

11. At all times relevant, Defendant RICHARD DURGIN ("DURGIN") was and is employed by Defendant PLAZA MOTORS, holding the position of "Fixed Operations Director."

12. At all times relevant, Defendant DURGIN exercised supervisory authority over Plaintiff and had the power to hire, fire, and/or directly affect the terms and conditions of Plaintiff's employment.

13. Defendants PLAZA MOTORS and DURGIN are herein referred to together as "Defendants."

## MATERIAL FACTS

14. Plaintiff has two children: a daughter (age 10), and a son (age 6).

15. In or around the beginning of October 2015, Plaintiff became employed by Defendant PLAZA MOTORS as a cashier/ customer service representative at its Plaza Toyota dealership earning approximately $9.00 per hour. Upon Plaintiff commencing employment at Plaza Toyota, Plaintiff's schedule was 8:00 AM to 7:00 PM Monday through Saturday.

16. In or around the beginning of January 2016, Plaintiff became pregnant with, what will be, her third child. Plaintiff learned that she was pregnant in or around the beginning of February 2016 (Plaintiff "due date" is approximately October 11, 2016).

17. Plaintiff began suffering from complications with her pregnancy and, on or about March 15, 2016, had to visit the emergency room. That same day, she learned from a doctor that she had a "high-risk" pregnancy. Within a few days of learning this, Plaintiff alerted her manager—to wit—a person by the name of Maria Rivera ("Rivera") of her high-risk pregnancy.

18. Thereafter, on or about April 18, 2016, Plaintiff asked Rivera if she could have her schedule changed. At this time, Plaintiff's schedule was 7:00 AM to 5:00 PM Monday through Friday and 7:00 AM to 5:00 PM every other Saturday. Plaintiff explained the reason she was asking for a schedule change was so that she could care for her daughter and son as they were getting home from school and were unattended and without a babysitter in the afternoons, as well as the fact that she would have to attend doctor's appointments due to her high-risk pregnancy and a schedule which included working weekdays from 7:00 AM to 5:00 PM didn't allow that. Plaintiff also explained that she

3

had had to miss doctor's appointments in the past month due to her work schedule.

19. In response to Plaintiff's request, Rivera changed Plaintiff's schedule to 8:00 AM to 1:00 PM Monday through Friday, and every Saturday from 7:00 AM to 5:00 PM (notably, on two Thursdays—to wit, April 21 and 28—Plaintiff worked from 7:00 AM to 7:00 PM).

20. Upon the schedule change taking effect, Rivera had her (Rivera's) assistant (to wit—a person named Rosa) cover for Plaintiff when Plaintiff had to leave at 1:00 PM on weekdays. Plaintiff began training Rosa for cashier work during this time also.

21. Also, upon information and belief, there were other cashiers/ customer service employees who had the same or substantially similar jobs as Plaintiff who worked at other dealerships owned by Defendant PLAZA MOTORS who could have worked the cashier/ customer service desk at Plaza Toyota. By way of example, upon information and belief, there were four cashiers/ customer service employees who worked at the Honda/ Acura dealership owned by Defendant PLAZA MOTORS located across the street from Plaza Toyota.

22. Plaintiff began to show (i.e., began to look pregnant) around the beginning of March 2016.

23. In or around the first week of May 2016 (i.e., around May 2, 2016), a cashier/ customer service employee named Esmerelda began working as a cashier with Plaintiff at Plaza Toyota. Esmerelda was employed by Defendant PLAZA MOTORS and worked across the street from Plaza Toyota at its Honda/ Acura dealership. Esmerelda began working at Plaza Toyota from 7:00 AM to 4:00 PM Monday through Friday, and 7:00 AM to 5:00 PM on Saturdays. Plaintiff began training Esmerelda in executing service repair orders (Esmerelda had been executing orders for parts in the Honda/ Acura dealership).

24. On or about May 6, 2016, Rivera's employment with Defendant PLAZA MOTORS ended.

25. On or about Monday, May 9, 2016, Defendant DURGIN took over managing the cashiers for Plaza Toyota. On this date, Defendant DURGIN summoned Plaintiff to his office around 11:00 AM. Upon arriving at his office, Defendant DURGIN asked Plaintiff why she had her present work schedule and why she left early during weekdays.

26. In response, Plaintiff told Defendant DURGIN the reason was because her children had been unattended and without a babysitter in the afternoons and that she had to take care of them in the afternoons. Plaintiff also mentioned that the reason was because she was pregnant and had doctors' appointments.

27. Defendant DURGIN replied by saying that he was a "family man," but that he has to be "all about the customers" and couldn't allow her to have that schedule. Plaintiff responded that she wasn't able to work the 7:00 AM to 5:00 PM weekday schedule due to her children and pregnancy needs. Plaintiff also explained that Maria had previously accommodated her with the 8:00 AM to 1:00 PM weekday schedule and that two other people—Rosa and Esmerelda—were covering in the afternoons.

28. Defendant DURGIN told Plaintiff that he had "other plans" for Rosa and followed up by telling Plaintiff that she was no longer able to work at Plaza Toyota. He told her that this particular day was her last day of work and that upon leaving at 1:00 PM she would no longer be employed by Defendant PLAZA MOTORS. Essentially, Defendant DURGIN fired Plaintiff which became effective 1:00 PM on May 9, 2016.

29. Upon information and belief, Rosa presently works as the cashier/ customer service employee at Plaza Toyota.

30. Plaintiff has been unlawfully discriminated against and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

31. Defendants failed to engage in the interactive process regarding Plaintiff's request for an accommodation for her pregnancy and pregnancy-related medical circumstances. Further, but for Plaintiff having children (i.e., being a caregiver), she would not have been fired.

32. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

33. As a result of Defendants' discriminatory treatment of Plaintiff, she has suffered emotional distress.

34. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

35. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

36. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against both Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

38. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. Section(s) 2000e, *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's pregnancy.

39. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et seq.*, by discriminating against Plaintiff because of her sex (female) and pregnancy.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

40. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

41. The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, partnership status, **caregiver status**, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

42. Defendants (both the corporate and individual) each engaged in unlawful discriminatory practices in violation of the New York City Administrative Code § 8-107(1)(a) by discriminating against Plaintiff because of her gender, pregnancy, and caregiver status.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

43. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

44. The Administrative Code of the City of New York § 8-107(13) "Employer liability for discriminatory conduct by employee, agent or independent contractor," states:

The New York City Administrative Code § 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        1. the employee or agent exercised managerial or supervisory responsibility; or

        2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

    c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such

employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

45. Defendants violated the section cited herein as set forth.

## JURY DEMAND

46. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the New York City Administrative Code, § 8-107 *et seq.*, and that Defendants discriminated against Plaintiff on the basis of her sex, gender, pregnancy, and caregiver status;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
September 13, 2016

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

_____
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, NY 10006
Ph: (212) 248-7431
cwolnowski@tpglaws.com

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Carmen Mercado<br>414 Sutter Avenue, Apt. 8-F<br>Brooklyn, NY 11212 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-02725 | Frank C. Hernandez,<br>Investigator | (212) 336-3750 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____     08/05/2016
Kevin J. Berry,                              *(Date Mailed)*
District Director

Enclosures(s)

cc:    Attn<br>Director of Human Resources<br>**PLAZA MOTORS OF BROOKLYN**<br>2740 Nostrand Avenue<br>Brooklyn, NY 11210        Casey Wolnowski, Esq.<br>**PHILLIPS & ASSOCIATES**<br>45 Broadway, Suite 620<br>New York, NY 10006